STATE, RESPONDENT, *v.* MARION ET AL., APPELLANTS.

[Submitted May 21, 1894. Decided June 5, 1894.]

INDICTMENT—*Duplicity—Sale of liquors where women are employed.*—An indictment, drawn under section 261 of the Criminal Laws, prohibiting the sale of liquors in any place where women are employed or [allowed to assemble for the purpose of the business therein carried on, which charges the sale of liquor where women are both employed and allowed to assemble, is not void as charging two offenses.

SAME—*Indorsement.*—An indictment against two persons, upon which is indorsed the name of only one, is not bad under section 150 of the Criminal Practice Act, requiring certain indorsements on the indictment, but not providing that the title of the case shall be indorsed in full.

CRIMINAL JUDGMENT.—A judgment upon conviction in a criminal case which provides for punishment by fine and imprisonment is not void in that it further provides that the fine shall be enforced as a civil judgment.

*Appeal from Second Judicial District, Silver Bow County.*

CONVICTION for sale of liquor in a place where women are employed. Defendants were tried before SPEER, J. Affirmed.

*George Haldorn,* and *C. L. Campbell,* for Appellants.

*Henri J. Haskell, attorney general,* and *M. L. Wines,* for the state, Respondent.

Per CURIAM.—Appeal from judgment of conviction of selling intoxicating liquors in a place where women are employed and allowed to assemble for the purposes of the business therein carried on, under section 261 of the Criminal Laws. (Comp Stats., p. 578.) Appellants' counsel insist that the indictment upon which the conviction was had charges two offenses, and is thereby void.

The statute under which the indictment was drawn reads as follows: " That hereafter it shall be unlawful for any person or persons, company, or corporation to sell or dispose of any spirituous, vinous, or malt liquors in any room, hall, or other place where women or minors are employed or allowed to assemble for the purpose of the business therein carried on." (Crim. Laws, § 261.)

The charging part of the indictment reads as follows: " That one Charles Marion and F. Barnett, late of the county of Silver Bow, state of Montana, on or about the nineteenth day of January, A. D. 1894, at the county of Silver Bow, in the state of Montana, did keep, maintain, conduct, and carry on the business of selling and disposing of spirituous, vinous, and malt liquors, in that certain room and hall known as '11 and 13 South Main street,' in the city of Butte, county of Silver Bow, state of Montana, and did then and there willfully and unlawfully sell and dispose of spirituous, vinous, and malt liquors (a more particular description of which is to the grand jurors aforesaid unknown) to one John Doe (whose true name is to the grand jurors aforesaid unknown), and to divers and sundry other persons (whose true names are to the grand jurors aforesaid unknown). They, the said Charles Marion and F. Barnett, did then and there unlawfully allow one Jennie Roe (whose true name is to the grand jurors aforesaid unknown) and divers and sundry other women (whose true names are to the grand jurors aforesaid unknown) to assemble in the aforesaid room or hall for the purpose of sell-

ing and disposing of malt, spirituous, and vinous liquors, she, the said Jennie Roe, and divers and sundry other women, then and there being in the employ of the said Charles Marion and F. Barnett, for the purpose of selling and disposing of malt, spirituous, and vinous liquors."

Upon careful consideration, we are drawn to the conclusion that the indictment herein does not charge two offenses, but charges one offense—that of selling intoxicating liquors in a place described, where the women mentioned were employed and assembled for the purpose of the business therein carried on. The indictment charges but one criminal act—that is, the selling of intoxicating liquors under the conditions alleged; but the indictment describes the women mentioned as sustaining two relations to the place—that of employment and assemblage for the purpose of the business where the liquor was sold. The presence of both conditions, or either, at the time and place of selling the intoxicating liquor, makes the act of selling criminal under said statute. This statute declaring the act of selling intoxicating liquor under either of the several conditions mentioned to be criminal is similar in its provisions to the statute defining assault with a deadly weapon with intent to inflict a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart. (Crim. Laws, § 60; Comp. Stats., p. 511.) The averment in an indictment that an assault was committed, with all the conditions mentioned in said statute present and operating, would charge but one assault, therefore but one offense; while the indictment would describe two conditions accompanying and operating in the assault, either of which, or both combined, would make the offense complete, but would show only one offense—that of assault with intent, etc. So in other cases, such as committing criminal nuisance, where the act perpetrated, or the conditions maintained, may combine several elements, either of which alone would amount to the offense, yet the indictment is not subject to the objection of duplicity because it describes an act combining several such elements. (Wharton's Criminal Pleading and Practice, § 251, and cases cited.)

It is further objected that the indictment is not properly

indorsed, because it is an indictment of Charles Marion and one Barnett for the offense mentioned, and is indorsed "*State of Montana* v. *Charles Marion et al.*" Defendants' counsel insist that this style of indorsement is insufficient, and that his motion to quash on that ground, interposed in the trial court, should have been sustained. We think not. The statute does not require that the title of the case shall be indorsed in full, or otherwise, on the bill; but does require certain other indorsements to appear thereon. (Criminal Practice Act, § 150 et seq.)

It is also urged that the judgment pronounced on this conviction exceeds the jurisdiction of the court, in that the judgment provides for punishment by fine in a certain sum, with costs, and also for imprisonment a certain period, and then adds that the judgment for fine and costs shall be enforced as a civil judgment, if property of defendants can be found. This, appellants' counsel urge, is a double judgment, and that thereunder defendants might be imprisoned for nonpayment of the fine and costs after collection thereof by execution. We are satisfied that the judgment is not subject to such construction, nor is it likely to be so interpreted by the court in carrying it into execution.

A careful consideration of the record upon all the points presented discloses no ground for reversal. The judgment will therefore be affirmed, and ordered carried into effect by the trial court, according to the terms and conditions thereof.

*Affirmed.*

All concur.